IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a federally-recognized
Indian Tribe,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### COMPLAINT/PETITION[1] TO QUASH IRS SUMMONS TO MORGAN STANLEY FOR RECORDS OF MICCOSUKEE TRIBE OF INDIANS OF FLORIDA

Pursuant to 26 U.S.C. §7609(b)(2), Petitioner, the Miccosukee Tribe of Indians of Florida (the "Tribe"), moves this Court to enter an Order: (1) acknowledging jurisdiction; and (2) quashing the summons (attached hereto as Exhibit A) issued to Morgan Stanley Smith Barney ("Morgan Stanley"), for the "books, records, (and) papers" related to various accounts opened by the Tribe. As grounds therefor, the Tribe states as follows:

### JURISDICTION AND VENUE

(1)    This Court has jurisdiction to hear this Petition pursuant to the provisions of 26 U.S.C. §7609(h)(1) which provide, in pertinent part:

---

[1] Pursuant to IRS Form 2039, Part D, a proceeding of this nature is to be commenced by filing a "Petition to Quash Summons" in this Court. *See* Exhibit A at 4. The JS-44 Civil Cover sheet provides an option for such a Petition. However, this Court's new CM/ECF Electronic New Civil Case Opening Instructions do *not* allow for the selection of a "Petition to Quash Summons." Consequently, the document has been cross-designated as a "Complaint," to fit within the available categories for the new mandatory electronic case filing system.

> Jurisdiction.--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g).

See also *United States v. Toyota Motor Corporation,* 561 F.Supp. 354, 360-61 (C.D. Cal. 1983) ("Once the judicial power of the United States is established . . . the Government must show that it has brought its enforcement petition in a convenient forum.") (*Id.*) Under the facts of this case, and the law which governs them, the *only* proper and convenient forum in which jurisdiction lies is the Southern District of Florida.

(2)   Such facts include:

   (a)   the Summons at issue: (i) was directed to Morgan Stanley; and (ii) seeks production of all books, records, or papers relating to certain accounts owned by the Tribe in the Southern District of Florida.

   (b)   Morgan Stanley has a major branch office located in the Southern District of Florida. It is the branch with whom the Tribe has consistently conducted its business with Morgan Stanley. It is also the branch at which:

      (i)   the Tribe's accounts (to which the Summons is directed) are "handled" by Alex Fernandez, Senior Vice-President, Portfolio Manager/Financial Advisor Morgan Stanley, 201 Biscayne Blvd., Suite 2000, Miami, Florida;

      (ii)   the Tribe's accounts were opened in Miami, Florida;

      (iii)   signature cards and other account documents were signed and delivered to Alex Fernandez, in Miami, Florida; and

      (iv)    all monthly statements to the Tribe regarding such accounts are generated and sent (*i.e.* Morgan Stanley, 201 South Biscayne Blvd., Miami, Florida).

(c) Thus, all records regarding such accounts, or copies thereof, are located in the Southern District of Florida. The Account-Vice President, Alex Fernandez, is also located in this District. As the Executive Officer in charge, Fernandez is the individual with knowledge of the Tribe's accounts with Morgan Stanley.

(d) In sum, records requested by the IRS Summons are located in the Southern District of Florida. Morgan Stanley employees with knowledge regarding such accounts are located in the Southern District of Florida. And, so too is the Tribe, the owner of the accounts which are the subject of the IRS Summons at issue.

(e) On the other hand, there are no such connections with the New York office of Morgan Stanley; and

(f) The IRS agent actually assigned to the underlying investigation, pursuant to which the Summons was issued, is located not in New York, but in the Oklahoma office of the IRS.

(g) As a result, both venue and jurisdiction over the Tribe's Petition To Quash lies in the Southern District of Florida. *See* 26 U.S.C. § 7609(h)(1).

Consequently, this Court has both jurisdiction and venue over the Tribe's pending Complaint/Petition To Quash, and all objections raised therein.

## PARTIES

(3) The Tribe is a federally recognized Indian Tribe found within the geographical jurisdiction of this Court. The Tribe's members reside and work within the Southern District of Florida. The Tribe exercises powers of self-governance under a tribal Constitution approved by the Secretary of Interior, pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. § 476.

(4) Pursuant to the requirements prescribed by IRS Form 2039, Part D, the United States of America is named as the Respondent. *See* Exhibit A at 4.

## OBJECTIONS TO ENFORCEMENT OF SUMMONS

(5) The Tribe objects to enforcement of the Summons for the following reasons:

(a) The Miccosukee Tribe of Indians of Florida has sovereign immunity and is not subject to the general federal income tax. *See* Rev. Rul. 67-284, 1967 WL 14945, which states that an Indian tribe is "<u>not</u> a taxable entity."

(b) Likewise "Indian tribes are not entities subject to federal income tax because they are not included in IRC section 1 (individuals, trusts and estates) or IRC section 11 (corporations). *See* Internal Revenue Manual 4.88.1.4 (2010); *see also* Rev. Rul. 67-284, 1967 WL 14945 ("Income tax statutes do not tax Indian tribes. The tribe is not a taxable entity.").

(c) Moreover, the Summons, which purports to be related to an investigation of Billy Cypress ("In the matter of Billy Cypress") is, *on its face*, apparently issued for an improper purpose.

(d) Specifically, the Summons is neither directed at nor limited to the records (if any) of Billy Cypress. Rather, the Summons seeks production of all records for all accounts belonging to the *entire* Miccosukee Tribe of Indians of Florida. The alleged investigation of one individual does *not* establish *any* proper purpose for the IRS to obtain unfettered access to all the financial account information of the entire Tribe which, unlike its individual members: (i) has sovereign immunity; (ii) is not subject to federal income taxation; and (iii) is not relevant to an alleged investigation of one individual tribal member.

(e) Even if the Summons were issued for a proper purpose, the manner in which it is written in this case is so overbroad and improperly invasive as to render it otherwise unenforceable.

(f) In fact, the Summons is so broad that it may include privileged, personal, and confidential records of the Tribe which are irrelevant to the investigation of an individual tribal member.

(g) In sum, the Summons was issued in bad faith. It constitutes an improper fishing expedition against the Tribe, a non-party to the investigation, and it improperly requests information regarding the names of various account holders.

(6)     As a result, the Summons for financial records of the Tribe's Morgan Stanley accounts clearly should be quashed.

## MEMORANDUM OF LAW

### I. SOVEREIGN IMMUNITY BARS DISCLOSURE OF TRIBAL RECORDS IN CONNECTION WITH THIS ADMINISTRATIVE INVESTIGATION

The Tribe is a sovereign entity entitled to immunity unless that immunity has been explicitly restricted by Congress through legislation or otherwise waived by the Tribe. *See Florida Paraplegic Ass'n v. Miccosukee Tribe of Indians of Florida*, 166 F.3d 1126 (11th Cir. 1999); *EEOC v. Cherokee Nation*, 871 F.2d 937 (10th Cir. 1989); *Reich v. Great Lakes Indian Fish & Wildlife Comm'n*, 4 F.3d 490 (7th Cir. 1993). "This immunity has also been found to protect tribes and their officers from legal process such as a subpoena or a search warrant." *NGV Gaming, LTD v. Upstream Point Molate*, LLC, 2009 WL 4258550, *4 (N.D. Cal. Nov. 24, 2009) (citing *United States v. James*, 980 F.2d 1314 (9th Cir. 1992); *Bishop Paiute Tribe v. County of Inyo*, 275 F.3d 893 (9th Cir. 2002), *vacated on other grounds*, 538 U.S. 701 (2003)). Thus, tribal records, whether sought from a third party or from the Tribe itself, are immune from disclosure absent waiver. *See Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78 (S.D.N.Y. 2002); *see also NGV Gaming*, 2009 WL 4258550 at *4-6.[2]

---

[2] Some cases have held that tribal sovereign immunity did not apply with respect to suits by the United States against the tribe in those circumstances. *See, e.g., EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071 (9th Cir. 2001) (although tribe was not immune from suit by the United States, EEOC did not have regulatory jurisdiction over the tribe to issue subpoena because the ADEA did not apply to the tribe); *United States v. Menominee Tribal Enter.*, 2008 WL 2273285 (E.D. Wis. June 2, 2008) (company which was the business arm of the tribe was not immune from suit by the United States in relation to two contracts it had with the federal government); *United States v. Red Lake Band of Chippewa Indians*, 827 F.2d 380, 382 (8th Cir. 1987) (tribe did not have immunity from action by the United States seeking recovery of records from the tribe

6

In *Catskill*, the district court quashed a subpoena on grounds of tribal sovereign immunity where the subpoena sought records belonging to the tribe, a non-party, from the Tribe's bank, also a non-party. *See Catskill*, 206 F.R.D. at 86-88. In so doing, the court upheld the magistrate's finding that "if the plaintiffs subpoenaed the Tribe demanding that it produce these bank documents, the Tribe's sovereign immunity would prevent enforcement of the subpoena, . . . . the outcome does not change simply because the subpoenaed documents are held by a third party and not by the Tribe itself." *Id.* at 85 (internal quotations and citation omitted). The *Catskill* court further found that the same reasoning expressed in *United States Envtl. Protection Agency v. Gen. Elec. Co.*, 197 F.3d 592 (2d Cir. 1999) with respect to the unenforceability of a subpoena duces tecum against the EPA applied to the tribe in *Catskill* because "Indian tribes have long been recognized" as possessing sovereign immunity coextensive with that of the United States. *Id.* at 87-88 (citations omitted). Such are the circumstances here. The Tribe has sovereign immunity. It has not been waived by Congress. It has not been waived by the Tribe.

---

under the Federal Records Act). While the Tribe's immunity may not be absolute against the federal government, *see Red Lake*, 827 F.2d at 382, tribal sovereign immunity applies absent explicit waiver by Congress. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

Regardless, none of these cases apply to the administrative summons at issue here. First, this is not a lawsuit by the United States against the Tribe. It is an administrative summons in connection with the investigation of an individual tribal member. Second, as noted above, there is no applicable legislation waiving the Tribe's sovereign immunity with respect to this investigation. In fact, Internal Revenue Code provisions specifically exempt the Tribe from federal income taxation. Thus, tribal sovereign immunity would bar enforcement of the Summons because the laws at issue here do not apply to the Tribe. *See Karuk*, 260 F.3d at 1078, 1082-83 (tribe's challenge to EEOC's administrative subpoena was a particularly sensitive jurisdictional issue due to the tribe's unique legal status as a sovereign; ADEA did not apply to Tribe Housing Authority, therefore, EEOC lacked jurisdiction to enforce subpoena against the tribe).

Similarly, in *NGV Gaming*, the tribe, again a non-party, filed a motion to quash by special appearance on grounds of sovereign immunity. *NGV Gaming*, 2009 WL 4258550 at *1, 6. In so doing, however, the tribe partially waived immunity by producing a specific report. *Id.* at *5. Regardless, the court held that *only* documents relating to the produced report could be compelled and that all other documents were immune from disclosure. *Id.* at *6.

Here, there is absolutely no issue of partial waiver. Instead, there is undisputed evidence of the Tribe's immunity. There is also undisputed evidence that the Tribe is merely a *non*-party to an administrative investigation. The administrative investigation is *not* an investigation of the Tribe. Rather, it is a matter relating to a single tribal member – Billy Cypress. Moreover, the Tribe has neither produced, nor has it allowed production, of *any* documents in connection with this unrelated administrative investigation. As a result, there has been no waiver of the Tribe's sovereign immunity with respect to records sought. Nor is there any legislation limiting the Tribe's immunity in these circumstances.

To the contrary, as argued above, the Summons reaches well beyond the IRS's statutory authority to collect information relevant to the Billy Cypress investigation. In so doing, it surreptitiously seeks to circumvent the Tribe's sovereign status by requesting potentially privileged, personal, confidential and certainly irrelevant tribal documents from a third party financial institution. This the IRS cannot do. Thus, under the facts of this case and the law which governs them, the Tribe's records are immune from disclosure in connection with the unrelated Billy Cypress administrative investigation.

II. **THE SUMMONS AT ISSUE IS BOTH OVERBROAD AND OTHERWISE INVALID BECAUSE IT WAS NOT SERVED FOR A PROPER PURPOSE**

A summons issued by the IRS is not self-executing. Thus, the IRS must apply to the appropriate Court, in this case the Southern District of Florida, for enforcement. *Nero Trading LLC v. United States Dep't. of Treasury, Internal Revenue Service*, 570 F.3d 1244, 1248-49 (11th Cir. 2009). In *Nero*, the Eleventh Circuit held that:

> The Service must make a four-step prima facia showing to make a summons enforceable. The [IRS] must show: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry may be relevant to the purpose; (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Code have been followed.

*Id.* at 1248 (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). In so ruling, the Eleventh Circuit emphasized the IRS's required establishment of evidence *prior* to any enforcement. It also emphasized that once an individual's records are sought, the Summons simultaneously "trigger[s]" an individual's corresponding right to obtain both limited discovery and a meaningful adversary hearing "in order to ascertain whether the Service issued a given summons for an improper purpose." *Id.* at 1249. To that end, the Eleventh Circuit also opined that: (1) a taxpayer who normally has no knowledge of the facts, must be afforded limited discovery and an adversarial hearing through which the taxpayer may obtain facts essential to establishment of the IRS's *improper* purpose, and (2) improper purpose is *not* limited to a determination of whether the summons was issued to "conduct a criminal investigation." *Id.* at 1250 n.4.

> We find the notion that passage of I.R.C. §7602(b) and (c) created a bright-line rule precluding a determination of improper motive in the absence of a Justice Department referral *unpersuasive*.

\* \* \*

> [S]uch a reply implies that improper motive or purpose can only mean the issuance of a summons in order to conduct a criminal investigation. *Our reading of improper motive or purpose is not so narrowly circumscribed.*

*Id.* (emphasis added); *United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987) (accord).

The Eleventh Circuit was reluctant to establish a rule which limits the definition of "improper purpose" to circumstances in which a criminal investigation has already been initiated. The wisdom of the Court's reluctance to routinely restrict the confines of conduct which constitutes "improper purpose" is illustrated in bold relief by the facts of this case. Here, the IRS issued a summons, ostensibly related to the administrative investigation of an individual tribal member. It did so in an effort to obtain financial records of the Miccosukee Tribe of Indians of Florida, posited in Morgan Stanley. Such circumstances, if allowed, would sanction the use of an *administrative investigation of an individual member* of *any* institution, club, corporation or organization to justify *unfettered access* to all books and records of the club, corporation or organization to which the member belongs.[3]

Moreover, the impermissible impact of such an interpretation is even more compelling here. The "organization" impacted by the Summons, at issue, is actually a *sovereign Indian Tribe*. It is not subject to *federal income* taxation. It has sovereign immunity which it has not been waived, and the United States has attendant trust obligations which are owed to the Tribe.[4]

---

[3] Such an interpretation would clearly contravene the Eleventh Circuit's mandate regarding the IRS's required establishment of a four-part prima facie case prior to its sanctioning of the enforcement of a summons. *See Nero Trading,* 570 F.3d at 1248.

[4] IRS summonses with dual purposes (for example, where the IRS looks for the records of a named entity but also intends to look at its members) are permitted under the law.

The Summons improperly seeks a voluminous amount of sensitive, irrelevant tribal records from a third party in connection with the administrative investigation of a single tribal member. A summons which is overbroad or seeks irrelevant information is unenforceable. *See United States v. Monumental Life Ins. Co.*, 440 F.3d 729 (6th Cir. 2006). In *Monumental Life*, the Sixth Circuit refused to enforce an IRS summons where: (1) the summons was directed to a third party, not the taxpayer being investigated, (2) the summons sought a voluminous amount of highly sensitive proprietary information about the company's general administration of its products, (3) the IRS had opposed the imposition of a protective order, and (4) the summons sought apparently irrelevant information. *Id.* at 736-37. In so ruling, the Sixth Circuit noted that many of the documents sought by the IRS related <u>not</u> to the taxpayer being investigated, <u>but to other unnamed taxpayers</u>. *Id.* at 736. As a result, the IRS agent's affidavit that the documents were relevant was legally insufficient. *Id.* at 737. Furthermore, as the Sixth Circuit also indicated, the summons imposed an improper burden on a third party "to produce proprietary documents that the IRS refused to place under a protective order." *Id.* As a result, the Sixth Circuit denied enforcement of the summons in full, permitting the IRS to redraft a more narrowly tailored summons.[5]

---

*See Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310 (1985); *United States v. Gottlieb*, 712 F.2d 1363 (11th Cir. 1983). In this case, however, the summons is more in the nature of a John Doe summons where the named person is Billy Cypress but it is the Tribe's records that are sought. As such, unlike the facts of *Gottlieb* and *Tiffany*, the facts here should require compliance with §7609(f), which states that any summons which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding establishing certain requirements enumerated in §7609(f).

[5] The relief granted by the court was based largely on its assessment that remanding with instructions to enforce only those parts of the subpoena which sought permissible records "would prompt a long, drawn-out, and contentious process" in proceedings which had

11

Here, the Summons at issue similarly seeks voluminous amounts of sensitive tribal records from a third party which pertain to unnamed taxpayers, including the Tribe and tribal members other than Billy Cypress. The Summons fails to show why all of these records are relevant to its investigation. In addition, the Summons indicates on its face that several of the records sought are irrelevant. *See* IRS Summons in the matter of Billy Cypress (issued April 6, 2010) (broadly requesting records pertaining to tribal accounts in paragraphs 1-4, asking finally in paragraph 5 for specification as to which, if any, of these records actually pertain to Billy Cypress). The Summons is therefore overbroad, seeks irrelevant information, and is improper with respect to its request of tribal records.

Based upon the foregoing, the Miccosukee Tribe of Indians of Florida moves this Court to enter an Order: (1) recognizing the Court's jurisdiction over this matter; (2) providing the Tribe with limited discovery through which to establish the IRS's improper purpose for issuance of the Summons; (3) providing an adversarial evidentiary hearing; and thereafter; (4) quashing the Summons at issue. Alternatively, if this Court determines that jurisdiction lies in New York, as stated in the Summons, the Miccosukee Tribe of Indians of Florida respectfully requests that in lieu of dismissal, this Court transfer the matter to the District court in New York.[6]

---

already spanned several years. *Id*. The court noted that under similar circumstances, it would normally remand with instructions for the district court to limit enforcement of the summons to relevant documents that are not already in the IRS's possession. *Id*.

[6] As a precaution and to protect all of its rights, the Tribe will also file in the Southern District of New York, asking the court there to stay any determination until this Court determines its jurisdiction.

Respectfully submitted on this 26th day of April, 2010.

**JORDEN BURT LLP**

James F. Jorden, Fla. Bar No. 343862
  jfj@jordenusa.com
Sonia E. O'Donnell, Fla. Bar No. 250643
  seo@jordenusa.com
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone (305) 371-2600
Facsimile (305) 372-9928

By: /s/ James F. Jorden
JAMES F. JORDEN
Florida Bar No. 343862

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was served on this 26th day of April 2010 by Certified Mail, Return Receipt Requested, on Morgan Stanley Smith Barney, 201 South Biscayne Blvd, Suite 2000, Miami, Florida 33131; Morgan Stanley Smith Barney, 485 Lexington Avenue, 14th Floor, New York, New York 10017; Indian Tribal Government Specialist John R. Johnson, Department of the Treasury, Internal Revenue Service, Office of Indian Tribal Governments, 55 N. Robinson, Oklahoma City, OK 73102; United States of America, United States Attorney's Office, Southern District of Florida, Civil-Process Clerk, 99 N.E. 4th Street, Miami, FL 33132, United States of America, United States Attorney's Office, Southern District of New York, Civil-Process Clerk, 86 Chambers Street, New York City, NY 10007; and United States Attorney General Eric Holder, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

By: _____

185888